~~PROPOSED~~ ORDER/COVER SHEET

| | | | |
|---|---|---|---|
| **TO:** | Honorable James Larson<br>U.S. Magistrate Judge | **RE:** | Andre Glaser |
| **FROM:** | Claudette M. Silvera, Chief<br>U.S. Pretrial Services Officer | **DOCKET NO.:** | CR05-00731 WHA |

THE ATTACHED MEMORANDUM WAS PREPARED BY PRETRIAL SERVICES OFFICER:

Victoria Gibson                                   415-436-7513
                                                  TELEPHONE NUMBER

**RE:   MODIFICATION OF CONDITIONS (OR INFORMATION/VIOLATION)**

We are requesting direction from the Court. Please initial the appropriate box(es), and return this form to us so that we may comply with your instructions.

☐ I have reviewed the information that you have supplied. I do not believe that this matter requires any action by this Court at this time.

☒ Inform all parties concerned that I will conduct a Bail Review Hearing in Courtroom No. _F_ on _Dec. 15, 2005_ at _11:30 a.m._.

☐ Inform all parties concerned that a Bail Review Hearing will be conducted by:
  Magistrate Judge_____ Presiding  District Court Judge_____

☐ I agree with the recommendation of the Pretrial Services Officer and hereby modify the defendant's Pretrial Release conditions as indicated below:

☐ Modification(s)

A.

B.

☐ Bail Revoked/Bench Warrant Issued.

☐ I am returning the signed order and direct that a copy be provided to the Court file and all interested parties(AUSA and Defense Counsel).

☐ Other Instructions:

_Thank you_

_____          _12-5-05_
JUDICIAL OFFICER                          DATE

Cover Sheet (12/03/02)

**To:** Honorable James Larson
U.S. Magistrate Judge

**From:** Victoria Gibson
U.S. Pretrial Officer

**Subject:** Andre Glaser
CR05-00731 WHA

**Date:** December 6, 2005



# MEMORANDUM

Your Honor,

The defendant initially appeared before the Honorable Edward M. Chen on October 3, 2005, charged with violations of Title 18, United States Code, Section 922(g)(1) - Felon In Possession of Ammunition and Firearm. He was released by the Honorable Nandor J. Vadas on October 27, 2005, on a $50,000 unsecured bond. Conditions of release were set by Your Honor on November 7, 2005 and included the following:

1) *The defendant shall not travel outside the Northern District of California;*
2) *The defendant shall report to Pretrial Services as directed;*
3) *The defendant shall not possess any firearm, destructive device, or other dangerous weapon;*
4) *The defendant shall not use alcohol to excess nor use or possess any narcotic or controlled substance without a prescription;*
5) *The defendant shall seek and maintain verifiable employment;*
6) *The defendant shall not change residence without the prior approval of Pretrial Services;*
7) *The defendant shall abide by a daily curfew: 2200 to 0600; and*
8) *The defendant shall stay away from the Alemany Housing Projects bounded by Alemany Blvd., Putnam St., and Mission St., as well as the hillside behind those projects.*

**ADJUSTMENT TO SUPERVISION/VIOLATIONS:** Upon Mr. Glaser's release from custody, he moved into his mother's house located at 80 Farallones, San Francisco, California. Pretrial Services initiated the automated curfew system in order to enforce the defendant's nightly curfew. Mr. Glaser was encouraged to seek employment.

From the start, there were issues with the defendant's compliance with the automated curfew system. Pretrial Services received several notifications that the verifications had not completed and the defendant or person who answered the telephone had "hung up before end." This can occur when an individual fails to wait for the automated system to say "goodbye" before terminating the call. This officer gave the defendant the benefit of the doubt repeatedly and reiterated instructions for successful completion of a curfew call on more than one occasion. He was informed that if he could not manage to navigate the system properly, alternatives to curfew may have to be explored.

On November 14, 2005, during a home contact, the undersigned spoke with Emily Glaser, the

MEMORANDUM FOR THE HONORABLE JAMES LARSON
CHIEF U.S. MAGISTRATE JUDGE
RE: GLASER, ANDRE                    DOCKET#: CR05-00371 WHA
PAGE 2

defendant's mother; the defendant was not home at the time. Ms. Glaser expressed her desire and need for the defendant to find another residence. She indicated that she was afraid the landlord would learn of her son's pending court cases and evict her and her younger son from the house. Ms. Glaser assured this officer that the defendant could stay for a few more weeks, until he secured another residence, and that she would contact this officer prior to asking the defendant to leave. The defendant began to look for a residential hotel in which to stay. Per this officer's instructions, he was to attempt to find a living situation at which he could have a phone line installed for purposes of automated curfew.

On December 5, 2005, the undersigned received a call from Ms. Glaser who informed that the defendant had not come home at all the night prior. The defendant had recently found "under-the-table" employment as a painter, and Ms. Glaser noted that he missed his ride that morning and thus, missed work. Of note, according to the automated curfew system, an individual "hung up before end" as in the case of the other failed curfew calls over the past few weeks. This leads the undersigned to suspect that some of the other failed calls may have been due to the fact that the defendant was not home.

On December 6, 2005, the defendant reported to Pretrial Services. This officer discussed his failure to come home the night of December 4, 2005, and he did not offer any valid excuse.

**RECOMMENDATION:** The defendant has a substantial criminal history, is currently on felony probation with San Francisco County, and is facing serious charges in this case. His above-described violations are of a fairly egregious nature and his living situation is untenable at this time. Pretrial Services believes a half-way house would provide the necessary structure and stability to keep Mr. Glaser from further violations. Given the fact that defense counsel is opposed to such a modification, we respectfully recommend a bail review hearing be scheduled as soon as possible before Your Honor.

Respectfully submitted,

VICTORIA P. GIBSON
U.S. Pretrial Officer

Reviewed by,

Allen Lew, Supervising
U.S. Pretrial Officer

cc:   Ron Tyler, FPD
      Thomas Mazzucco, AUSA