IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

ANDRE GLASER,

    Defendant.
                               /

No. CR 05-0731 WHA

**COURT'S PROPOSED CHARGE TO THE JURY**

**PROVIDED TO THE PARTIES**

**ON FEBRUARY 24, 2006, AT 12:40 P.M.**

    Appended hereto are copies of the draft charge to the jury given to both sides. The draft charge was issued on February 24, 2006. Counsel are reminded that all objections, additions, or modifications must be made at the charging conference or else they shall be deemed waived. The charging conference will be Monday, February 27, 2006.

1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 05-0731 WHA |
| v. | |
| ANDRE GLASER, | |
| Defendant. | |

**DRAFT CHARGE TO THE JURY**

1.

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything else the court has said or done any suggestion as to what verdict you should return — that is entirely up to you.

I will now discuss general rules for your deliberations.

2.

The indictment is not evidence. Mr. Glaser has pleaded not guilty to the charge. He is presumed to be innocent and does not have to testify or present any evidence to prove his innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

3.

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

4.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that Mr. Glaser is guilty, it is your duty to find him not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that Mr. Glaser is guilty, it is your duty to find him guilty.

5.

The evidence from which you are to decide what the facts are consists of:

    1. The sworn testimony of witnesses;

    2. The exhibits received into evidence; and

    3. Any facts to which all the lawyers have stipulated.

The exhibits will be with you in the jury room when you deliberate.

6.

In reaching your verdict you may consider only the testimony, exhibits and stipulations received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

    1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers stated them, your memory of them controls.

    2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection or the court's ruling on it.

    3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been

4

received only for a limited purpose. Where I have given a limiting instruction, you must follow it.

    4.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

7.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

8.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it or none of it.

In considering the testimony of any witness, you may take into account:

    1.    the opportunity and ability of the witness to see or hear or know the things testified to;

    2.    the witness's memory;

    3.    the witness's manner while testifying;

    4.    the witness's interest in the outcome of the case and any bias or prejudice;

    5.    whether other evidence contradicted the witness's testimony;

    6.    the reasonableness of the witness's testimony in light of all the evidence; and

    7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

9.

The defendant is on trial only for the crime charged in the indictment, not for any other activities.

10.

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

11.

The testimony of a law-enforcement official or police officer should be considered by you just as any other evidence in the case, and in evaluating his or her credibility you should use the same guidelines which apply to the testimony of any witness. In no event should you give either greater or less credence to the testimony of any witness merely because he or she is, or was, a law-enforcement official or police officer.

12.

I will now begin instructing you on the specific offense the government accuses Mr. Glaser of committing — being a felon in knowing possession of ammunition — and on particular elements of that crime.

13.

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

14.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

6

15.

Mr. Glaser is charged in the indictment with the knowing possession of ammunition in violation of Section 922(g) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1. On or about December 31, 2004, Mr. Glaser knowingly possessed ammunition, described as nine-millimeter caliber;
2. The ammunition had been shipped or transported from one state to another or from a foreign nation to the United States; and
3. At the time Mr. Glaser possessed the ammunition, he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

Mr. Glaser stipulates that in March of 2004, he was convicted of a crime punishable by imprisonment for a term exceeding one year. Mr. Glaser further stipulates that the ammunition was made outside California and had been transported into this state.

16.

I will now instruct you on some procedural aspects of your deliberations.

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

17.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be — that is entirely for you to decide.

18.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

19.

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

20.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

21.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. You are not to tell anyone — including me — how the jury stands, numerically or otherwise, on the question

of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

22.

You have been required to be here each day from 7:45 a.m. to 1:00 p.m. Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine. The Court does, however, recommend that you continue to start your deliberations by 8:00 a.m. If you do not reach a verdict by the end of today, then you will resume your deliberations tomorrow and thereafter.

It is very important that you let the Clerk know in advance what hours you will be deliberating so that the lawyers may be present in the courthouse at any time the jury is deliberating.

23.

You may only deliberate when all of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

24.

It has been determined that Richard Lee and Roger Albert will be serving as the alternate jurors. As such, you two will not be deliberating with the rest of the jury at the outset. You are free to leave once the jury begins its deliberations. You may be called in to replace one of the jurors. Therefore, your responsibilities as an alternate remain in effect. This means you are not to discuss this case with anyone until you join the regular jury in deliberations or until a verdict is returned and I expressly release you from service. This means you should not talk to the other alternate juror either because, as I told you, the entire jury must deliberate together.

If it becomes necessary to have you replace a juror, you will be asked to return to the court. You will then be sworn into the main jury and you and the rest of the jury will begin

deliberations anew.  If you will not be needed, you will be notified as soon as the Court itself makes that determination.

25.

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court that you have reached a verdict.  The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict.  Thank you for your careful attention.  The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated:  February 27, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE